FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

2019 NOV 19 PM 5:16

UNITED STATES OF AMERICA

v.

STANLEY TIPTON
 a/k/a "Black"

Case No. 8:19 cr 553 T 02 AAS
18 U.S.C. § 371

**INDICTMENT**

SEALED

The Grand Jury charges:

**COUNT ONE**

**A. Introduction**

At all times material to this Indictment:

1. The Kimberley Process Certification Scheme ("KPCS") was an international certification scheme for the regulation of trade in rough diamonds. One of the purposes of the KPCS was to protect legitimate trade in rough diamonds and to prevent trade in so-called "blood diamonds", which are diamonds often produced and sold to fund rebel movements and terrorism worldwide and especially in several countries in Africa. The United States was a participating country following the KPCS.

2. The member countries participating in the KPCS were required to use a document called the Kimberley Process Certificate ("KPC") in the import and export of rough diamonds. The KPSC mandated that the KPC include

specific information about identified individual shipments of rough diamonds and certify that the shipments are in compliance with the KPCS. Among other information, the KPC must certify the country of origin of the diamonds, the carat weight and mass of the diamonds, their value in U.S. dollars, the name of the exporter or importer, and the governmental issuing authority. It must also include an incorporated English translation.

3. The Congress of the United States enacted the Clean Diamond Trade Act in 2003 to prohibit the import into the United States and export from the United States of rough diamonds not regulated by the KPCS. The Act required the use of a KPC in the importation of rough diamonds into the United States and in the exportation of rough diamonds from the United States.

4. The United States Bureau of Customs and Border Protection ("CBP") was a component of the Department of Homeland Security, a department of the Executive branch of the Government of the United States. CBP administered the provisions of the Clean Diamond Trade Act and enforced the regulations issued under its authority relating to the importation and exportation of rough diamonds.

5. DHL was a commercial shipping company engaged in business around the world and interstate across the United States.

### B. The Conspiracy

6.  Beginning on an unknown date, but no later than in or about July 2019, and continuing through in or about November 2019, in the Middle District of Florida and elsewhere, the defendant,

STANLEY TIPTON,

did knowingly and willfully combine, conspire, confederate, and agree with other persons, both known and unknown to the Grand Jury, to defraud the United States by impeding, impairing, obstructing, and defeating the lawful functions of the Department of Homeland Security through its component agency, the CBP, in the administration and enforcement of the Clean Diamond Trade Act, by deceit, craft, and trickery.

### C. Manner and Means

7.  The manner and means utilized by the conspirators to accomplish the objects of the conspiracy included, among others, the following:

    (a)  It was a part of the conspiracy that the conspirators would and did obtain copies of false and fraudulent documents purporting to be legitimate Kimberley Process Certificates issued by government ministries in African countries, such as Guinea and Sierra Leone.

    (b)  It was further a part of the conspiracy that the conspirators would and did cause the shipment of such certificates to individuals in the United

States through the use of a commercial international and interstate carrier for the purpose of allowing them to use those certificates in the importation of rough diamonds into the United States, in violation of federal laws and of the regulations issued under the Clean Diamond Trade Act.

    (c)    It was further a part of the conspiracy that the conspirators would and did obtain payment for the delivery of said false and fraudulent certificates.

    (d)    It was further a part of the conspiracy that the defendant and other conspirators would and did perform acts and make statements in furtherance of the conspiracy, in person and through the use of interstate wire facilities, in order to hide and conceal, and cause to be hidden and concealed, the purposes of and the acts done in furtherance of said conspiracy.

### D. Overt Acts

8.    In furtherance of the conspiracy and to effect the objects thereof, the conspirators caused the following overt acts, among others, to be committed within the Middle District of Florida and elsewhere:

    (a)    On or about July 10, 2019, defendant STANLEY TIPTON met with individuals in Tampa, Florida, in the Middle District of Florida, to discuss terms and fees for the production and delivery of purported Kimberley Process Certificates in aid of shipments of diamonds into the United States.

4

(b) On or about July 19, 2019, defendant STANLEY TIPTON sent instructions as to the method of making a cryptocurrency payment of $8,000 by interstate wire to him in furtherance of said scheme.

(c) On or about July 26, 2019, defendant STANLEY TIPTON did transmit by wire a copy of a purported Kimberley Process Certificate.

(d) On or about July 26, 2019, defendant STANLEY TIPTON did cause, and assist in causing, the shipment of a purported Kimberley Process Certificate from Guinea in Africa to a location in San Diego, California through the services of DHL.

(e) On or about August 21 2019, defendant STANLEY TIPTON did transmit by wire a copy of a purported Kimberley Process Certificate.

(f) On or about August 21, 2019, defendant STANLEY TIPTON did cause, and assist in causing, the shipment of a purported Kimberley Process Certificate from Guinea in Africa to a location in San Diego, California through the services of DHL.

All in violation of 18 U.S.C. § 371.

## FORFEITURE

1. The allegations contained in Count One of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures, pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2. Upon conviction of the violation alleged in Count One of this Indictment, in violation of 18 U.S.C. § 371, the defendant,

STANLEY TIPTON,

shall forfeit to the United States, any property, real or personal, which constitutes or is derived from proceeds traceable to the violations.

3. The property to be forfeited includes, but is not limited to, an order of forfeiture in the amount of at least $24,000, representing the proceeds of the violations.

4. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants:

      a. cannot be located upon the exercise of due diligence;

      b. has been transferred, sold to, or deposited with a third party;

      c. has been placed beyond the jurisdiction of the Court;

      d. has been substantially diminished in value; or,

      e. has been commingled with other property which can not be

subdivided without difficulty,

the United States shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL,

_____
Foreperson

MARIA CHAPA LOPEZ
United States Attorney

By: _____
Jay L. Hoffer
Assistant United States Attorney

By: _____
Jay G. Trezevant
Assistant United States Attorney
Chief, Economic Crimes Section

FORM OBD-34
November 19

No.

# UNITED STATES DISTRICT COURT
## Middle District of Florida
## Tampa Division

THE UNITED STATES OF AMERICA

vs.

STANLEY TIPTON
a/k/a "Black"

## INDICTMENT

Violations:   18 U.S.C. § 371

A true bill,

_____
Foreperson

Filed in open court this 19th day

of November 2019.

_____
Clerk

Bail $_____

GPO 863 525