FILED

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

2020 AUG 18 PM 4: 18

CLERK, US DISTRICT COURT
MIDDLE DISTRICT FLORIDA
TAMPA, FLORIDA

UNITED STATES OF AMERICA

Case No.: 8:19-cr-553-T-02AAS

v.

19 U.S.C. § 3907(a)(2)

STANLEY TIPTON
a/k/a "Black"

### SUPERSEDING INFORMATION

The United States Attorney charges:

### COUNT ONE

### A. **Introduction**

At all times material to this Superseding Information:

1.     The Kimberley Process Certification Scheme ("KPCS") was an international certification scheme for the regulation of trade in rough diamonds. One of its purposes was to protect the legitimate trade in rough diamonds and to prevent trade in so-called "blood diamonds," which are diamonds produced and sold to fund rebel movements and terrorism worldwide and especially in several countries in Africa.

2.     The United States was a participating country adhering to the KPCS.

3.     The member countries participating in the KPCS were required to use a document referred to as the Kimberley Process Certificate ("KPC") in the import and export of rough diamonds. The KPC was a document with a specified format that identified individual shipments of rough diamonds and certified them as being in compliance with the KPCS. The KPC was required to record the country of origin of the diamonds, the carat weight and mass of the diamonds, their value in U.S. dollars, the name of the diamond exporter or importer, and the governmental authority issuing the KPC.

4.     The Congress of the United States enacted the Clean Diamond Trade Act in 2003 to prohibit the import into and export from the United States of rough diamonds not regulated by the KPCS. It required the use of a KPC in the importation of rough diamonds into the United States and in the exportation of rough diamonds from the United States.

5.     The United States Department of Homeland Security adopted federal regulations in 2003 that specified procedures for adhering to the KPCS for rough diamonds imported into and exported from the United States. Those regulations required the use of the KPC for such importation and exportation of rough diamonds, and prohibited such importation and exportation that did not comply with the KPCS.

## B. The Charge

6.      From in or about July 2019, and continuing through in or about August 2019, in the Middle District of Florida and elsewhere, the defendant,

STANLEY TIPTON,

did knowingly and willfully violate and attempt to violate a license, order, and regulation issued under 19 U.S.C. Chapter 25, relating to the Clean Diamond Trade Act, in that, the defendant provided a fraudulent KPC to another person in a purported scheme to import diamonds into the United States in violation of the terms and procedures of the Clean Diamond Trade Act and the KPCS.

In violation of 19 U.S.C. § 3907(a)(2) and 18 U.S.C. § 2.

MARIA CHAPA LOPEZ
United States Attorney

By: _____
       for Jay L. Hoffer
       Assistant United States Attorney

By: _____
       for Jay G. Trezevant
       Assistant United States Attorney
       Chief, Economic Crimes Section

3